IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:09-CR-138 |
| DAVID R. POTTER, | ) | (VARLAN/GUYTON) |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Potter's Motion to Sever [Doc. 14], Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 16], and Motion to Suppress Evidence as Fruit of Unlawful Stop [Doc. 22]. The Court held a hearing on all pending motions on March 8, 2010. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. Attorneys Ralph E. Harwell and Jonathan Harwell represented the Defendant, who was also present. The Court heard argument on the pending motions.[1] The Court will now address each of these motions in turn.

---

[1] Also at the March 8, 2010 hearing, the Court heard the evidence relating to the Defendant's Motion to Suppress Identification [Doc. 12]. The Court permitted the parties to file post-hearing briefs on the identification issue, and the Court issued a separate Report and Recommendation [Doc. 34] on this issue on May 11, 2010.

1

## I. SEVERANCE

The Defendant asks [Doc. 14] that the Court sever Counts 1 through 4 relating to the June 3, 2009 robbery of a Kingston Pike Walgreens for a separate trial from that of Counts 5 through 8, which relate to the June 26, 2009 robbery of a Chapman Highway Walgreens, contending that a single trial of all counts would cause the jury to confuse the evidence relating to the two robberies and to infer that the Defendant was guilty of both robberies. The Government responds [Doc. 25] that a limiting instruction to the jury will be sufficient to cure any risk of prejudice stemming from a trial on all counts.

The Defendant is alleged to have robbed two Walgreens Drugstores in June 2009. Count 1 of the Indictment [Doc. 1] charges the Defendant with the June 3, 2009 robbery of controlled substances valued over $500 from the Walgreens Drugstore located at 8950 Kingston Pike, Knoxville, Tennessee ("the West Knoxville Walgreens"). Count 3 alleges that the Defendant obstructed commerce by the robbery of the West Knoxville Walgreens. Counts 2 and 4 charge the Defendant with using, carrying, and brandishing a firearm in relation to crimes of violence, to wit the June 3, 2009 robbery of the West Knoxville Walgreens alleged in Counts 1 and 3. Counts 5 through 8 of the Indictment relate to the June 26, 2009 robbery of the Walgreens Drugstore located at 4001 Chapman Highway, Knoxville, Tennessee ("the South Knoxville Walgreens"). Count 5 alleges that on June 26, 2009, the Defendant robbed the South Knoxville Walgreens taking controlled substances valued over $500. Count 7 charges the Defendant with obstructing commerce by the robbery of the South Knoxville Walgreens. Counts 6 and 8 charge the Defendant with using, carrying, and brandishing a firearm in relation to crimes of violence, to wit the June 26, 2009 robbery of the South Knoxville Walgreens alleged in Counts 5 and 7.

Rule 14 permits severance of properly joined counts, if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

The Defendant argues that a severance of Counts 1 through 4 from Counts 5 through 8 is necessary to preserve his right to a fair trial on both sets of charges. He contends that a joint trial of all eight counts presents two primary dangers: (1) that the Government's stronger evidence with regard to the June 26th robbery of the South Knoxville Walgreens will "spill over," preventing the jury from carefully considering and separating the evidence relating to the June 3rd robbery of the West Knoxville Walgreens and (2) that the jury will use the evidence relating to the June 26th robbery as improper character evidence to infer the Defendant's guilt with regard to the June 3rd robbery. With regard to this first danger, the Defendant asserts that the significantly greater proof of the June 26th robbery will keep the jury from properly compartmentalizing the evidence of the two offenses. With regard to the second danger, he maintains that the two robberies are not "signature crimes" such that the evidence of one robbery would be admissible in the separate trial

3

of the other.

The Government responds that instructing the jury to consider the evidence relating to the two robberies separately and to consider the evidence of each robbery appropriately, rather than as showing that the Defendant has a propensity to commit robberies, would prevent any risk of prejudice from a joint trial. Moreover, at the March 8 hearing, it argued that evidence of one robbery may be admissible in the separate trial of the other under Rule 404(b) of the Federal Rules of Evidence.

The Court begins with the axiom that "a jury is presumed capable of sorting out evidence and considering each count and each defendant separately." United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987) (affirming joint trial of defendants when much of the evidence was admissible against all defendants and trial court instructed jury to give each defendant separate consideration). Thus, for a defendant to establish substantial prejudice from a "spillover" of evidence, he must show that the jury will not be able to separate and treat as distinct the evidence relating to each count. United States v. Murphy, 836 F.2d 248, 256 (6th Cir. 1988); United States v. Moore, 917 F.2d 215, 220 (6th Cir. 1990) (examining failure to sever defendants). Disparities in the quality or quantity of evidence relating to counts or defendants does not, alone, require a severance. United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir. 2006) (examining failure to sever arson counts); Moore, 917 F.2d at 220 (holding that "a defendant is not entitled to a severance simply because the evidence against a co-defendant is far more damaging than the evidence against him"). The defendant must still show that differences in the "quantum" of evidence relating to separate counts creates a "'substantial risk that the jury could not compartmentalize or distinguish between the evidence' produced on each count." Hang Le-Thy Tran, 433 F.3d at 478

(quoting United States v. Williams, 711 F.2d 748, 751 (6th Cir. 1983)).

In the present case, the fact that the robberies occurred on separate dates and at separate locations will permit the jury to distinguish the evidence relating to each robbery. Moreover, the trial court can instruct the jury to consider the evidence relating to each count separately. Accordingly, the Court finds that the Defendant has failed to show substantial or compelling prejudice will arise from a joint trial of all eight counts.

Next, the Court turns to the Defendant's argument that the jury would inevitably consider the evidence of the June 26th robbery as improper character evidence, causing it to conclude that he had the propensity to commit the June 3rd robbery. Generally, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion[.]" Fed. R. Evid. 404(a). The Government contends that the rules of evidence already guard against the jury's consideration of propensity evidence, the jury will be instructed that it cannot consider such evidence, and, as a practical matter, evidence of one of the robberies might be admissible in a separate trial of the other for a purpose other than propensity. The Defendant responds that jury instructions are inadequate to prevent the danger that the jury would conclude he had the propensity to commit a second robbery for such a conclusion is human nature. Moreover, he argues that the June 3rd robbery and the June 26th robbery are not so similar that one would be admissible in the separate trial of the other as a signature means of committing robbery under Rule 404(b) of the Federal Rules of Evidence.

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes,

5

such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In determining whether 404(b) evidence is admissible, the Court must make a three part inquiry: (1) Did the other crime, wrong, or act occur?, (2) Is the evidence in question relevant to a material issue other than character?, and (3) Whether the danger of unfair prejudice from the admission of the evidence substantially outweighs its probative value.  See United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir. 1994).  With regard to the first question, if the Defendant were tried and convicted of the June 26th robbery,[2] then the trial court could readily conclude that it occurred.

Secondly, the Court must examine whether evidence of the June 26th robbery is relevant to a material issue other than character in the trial of the June 3rd robbery.  The Court concludes that evidence of the June 26th robbery would be relevant to the identity of the person who committed the June 3rd robbery.  The Court observes that based upon the Defendant's proffer of the evidence in the June 3rd robbery, the identity of the perpetrator appears to be the central issue in that case, especially in light of the pharmacist's identification of a person, who was not the Defendant, from a photographic lineup.  "[W]hen the issue is one related solely to identity, [the appellate court] has overwhelmingly approved of the admission of 'other acts' evidence." United States v. Perry, 438 F.3d 642, 648 (6th Cir.), cert. denied 547 U.S. 1139 (2006).  "To be admissible [on the issue of identity], the crimes must be so similar as to be a 'signature' of the defendant (a device so unusual or distinctive as to be like a signature)." United States v. Hamilton, 684 F.2d 380, 384 (6th Cir.

---

[2]For purposes of this analysis the Court will assume that the Government would proceed to trial on the charges relating to the June 26th robbery first, because the Defendant is arguing that the Government's stronger evidence of this crime would prejudice him in a joint trial of the two robberies.  He maintains that he would have "an eminently triable case" in a separate trial of the June 3rd robbery if the evidence relating to the June 26th robbery is excluded.

1982). The Court finds that the June 26th robbery and the June 3rd robbery were sufficiently similar as to be like a signature:[3] Both occurred in the early morning; both occurred at a Walgreens Drugstore; both were perpetrated by white male weighing over three hundred pounds and wearing a black sweatshirt, a Tennessee ball cap, and dark sunglasses; both involved a handgun; during the commission of both, the gun was "racked" or prepped for firing; both involved the taking of oxycodone and a request for the specific brand Oxycontin; and both involve the perpetrator leaving in a light-colored sedan. See, e.g., United States v. Walters, 244 Fed. Appx. 623, 628 (6th Cir. 2007) (affirming district court's determination that photograph of defendant committing prior robbery was probative of identity because he was wearing the same disguise as worn in the offense on trial: dreadlocks, a baseball cap, sunglasses, and a hooded sweatshirt), cert. denied 128 S. Ct. 2451 (2008). The Defendant points to a number of differences in the two robberies, but "[i]t is not necessary, however, that the crimes be identical in every detail." Id.

Finally, the Court must evaluate whether the danger of unfair prejudice from the admission of evidence of the June 26th robbery substantially outweighs its probative value in a separate trial of the June 3rd robbery. The Court observes that such weighing is best done within the context of the trial. Nevertheless, based upon the information before it, this Court cannot find that the danger of unfair prejudice, i.e., the danger that the jury will view the June 26the robbery as propensity evidence, substantially outweighs the value of that evidence for determining the identity of the June 3rd perpetrator. This is particularly true if the District Judge instructs the jury on how to consider this evidence. See Perry, 438 F.3d at 649 (holding that the evidence of another robbery

---

[3]The Court notes that the facts of the June 3rd robbery are based upon the parties' proffers in their briefs.

was not sufficiently prejudicial that it was inadmissible, particularly in light of the limiting instruction). Accordingly, the Court finds that evidence of the June 26th robbery could be admissible at a separate trial of the June 3rd robbery. As such, the Court finds little to no advantage to the Defendant in severing Counts 1 through 4 from the trial of Counts 5 through 8.

Finally, the Defendant argues that separate trials of the June 3rd robbery and the June 26th robbery would not affect judicial economy because no evidence relevant to both crimes would have to be presented twice. In this regard, he argues that the alleged crimes occurred on different dates at different locations and, thus, involve different witnesses. The Government responds that separate trials would require the trial court to empanel two juries and would require the Court and the parties to expend more time, effort, and resources. Given the Court's finding that evidence of the June 26th robbery would be admissible in a separate trial of the June 3rd robbery pursuant to Rule 404(b), the Court finds that a single trial on all counts would conserve judicial resources.

Guided by the preference for joint trials, the Court must reserve severance under Rule 14 for those cases presenting "a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. This is not such a case. The Court finds that the Defendant has failed to show that the prejudice from a single trial outweighs the public's interest in avoiding multiple trials. Thus, the Defendant's Motion to Sever [**Doc. 14**] is **DENIED**.

## II. PRETRIAL NOTICE OF INTENT TO USE EVIDENCE

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the Defendant asks [Doc. 16] the Court to order the Government to give written notice of all evidence

that it intends to use in its case-in-chief at trial. He maintains that such written notice is necessary for him to have the opportunity to object to the admissibility of the evidence. He also requests that the notice distinguish between the evidence to be used in the Government's case-in-chief and any other evidence the Defendant is entitled to discover. The Government responds [Doc. 25] that Rule 12(b)(4)(B) does not entitle the Defendant to the requested notice. It also states that the Defendant's filing of two suppression motions in this case indicate that he has sufficient notice of the evidence to satisfy his obligations for timely filing of pretrial motions under Rule 12.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. See Lanier, 578 F.2d at 1254. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give

9

notice of whether it intends to use such evidence in its case-in-chief.[4] Here, the Defendant has timely filed two suppression motions, and the Government has responded to both. Accordingly, the Court finds that the Defendant has received the notice to which he is entitled under Rule 12(b)(4)(B), although not necessarily in the format requested. Thus, the Defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 16**] is **DENIED as moot**.

### III. SUPPRESSION OF FRUIT OF UNLAWFUL STOP

The Defendant moved [Doc. 22] the Court to suppress all evidence seized from his person or his car on June 26, 2009, contending that this evidence is the fruit of an unlawful stop. He argued that Knox County Sheriff's Deputies lacked jurisdiction to seize and arrest him in Blount County, Tennessee. The Government responded [Doc. 27] that the Global Positioning System's (GPS's) coordinates in the seizing officer's cruiser reveal that the Defendant was stopped in Knox County, Tennessee. At the March 8, 2010 hearing, the Defendant withdrew this motion, noting that counsels' review of the video and GPS data after the filing of the motion show that the Defendant was stopped in Knox County. Accordingly, given that the Defendant no longer wishes to pursue this motion, it [**Doc. 22**] is **DENIED as moot**.

---

[4]The Court notes that the Government is not required to wait for a defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.

## IV.  CONCLUSION

Based upon the foregoing, the Court **ORDERS** as follows:

(1)  The Defendant's Motion to Sever [**Doc. 14**] is **DENIED**.

(2)  The Defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 16**] is **DENIED as moot**.; and

(3) The Defendant's Motion to Suppress Evidence as Fruit of Unlawful Stop [**Doc. 22**] is **DENIED as moot**.


**IT IS SO ORDERED.**

                ENTER:

                     s/ H. Bruce Guyton
                United States Magistrate Judge