IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-138 |
| | ) | |
| DAVID R. POTTER, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Potter's Motion to Dismiss [Doc. 18] the Indictment because he contends that the statutes underlying his charges, Title 18 of the United States Code sections 1951(a) and 2118(a), exceed Congress's authority under the Commerce Clause. Based on this challenge to the underlying statutes, he argues that the application of these statutes to his alleged conduct is "not constitutional under the Commerce Clause." The Court held a hearing on all pending motions on March 8, 2010. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. Attorneys Ralph E. Harwell and Jonathan Harwell represented the Defendant, who was also present. The Court heard argument on the pending motions at that time.[1]

---

[1] Also at the March 8, 2010 hearing, the Court heard the evidence relating to the Defendant's Motion to Suppress Identification [Doc. 12]. The Court permitted the parties to file post-hearing briefs on the identification issue, and the Court issued a separate Report and Recommendation [Doc. 34] on this issue on May 11, 2010.

1

## I. POSITIONS OF THE PARTIES

The Indictment [Doc. 1] charges the Defendant with two counts of robbery of controlled substances valued over $500 from a pharmacy on June 3 and 26, 2009 (Counts 1 and 5, respectively), in violation of 18 U.S.C. § 2118(a). The Defendant is also charged with two counts of obstructing commerce by the robbery of controlled substances from Walgreens Drugstores (Hobbs Act robberies) occurring on June 3 and 26, 2009 (Counts 3 and 7), in violation of 18 U.S.C. § 1951. Finally, in Counts 2, 4, 6, and 8, the Indictment alleges that the Defendant violated 18 U.S.C. §924(c) by using, carrying, and brandishing a firearm in relation to four crimes of violence, those crimes being the robberies alleged in Counts 1, 3, 5, and 7.

The Defendant calls [Docs. 18 and 19] for the dismissal of Counts 1, 3, 5, and 7 of the Indictment, contending that Congress exceeded the scope of its authority under the Commerce Clause in enacting sections 1951 and 2118. Particularly, with regard to section 2118, he contends that the jurisdictional condition that the replacement value of the items stolen during the pharmacy robbery $500 violates the limitation set forth in Supreme Court case law that an activity must substantially affect interstate commerce before it may be regulated under the Commerce Clause. He thus concludes that neither section 2118, nor the Hobbs Act, section 1951, can be constitutionally applied to the allegations that he robbed a local pharmacy to get drugs for his own personal use.

The Government responds [Doc. 25] that the application of sections 1951 and 2118 to the instant case survives constitutional inquiry. With regard to section 1951, it argues that the Court of Appeals for the Sixth Circuit has decided this precise issue, upholding the constitutionality of the Hobbs Act because it regulates actions which have a substantial effect on interstate commerce in the aggregate. United States v. Baylor, 517 F.3d 899, 902 (6th Cir. 2008). The Government

contends that the same analysis applies to section 2118.

## II. ANALYSIS

"Every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution." United States v. Morrison, 529 U.S. 598, 607 (2000) (citing Marbury v. Madison, 1 Cranch 137, 176, 2 L. Ed. 60 (1803)). In the instant case, the Defendant argues that Congress exceeded its power under the Commerce Clause, U.S. Const., art. I, §8, in enacting Title 18 sections 1951 and 2118, the two statutes under which he is charged. The Hobbs Act provides that

> [w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The federal statute prohibiting a robbery involving controlled substances states that

> [w]hoever takes or attempts to take from the person or presence of another by force or violence or by intimidation any material or compound containing any quantity of a controlled substance belonging to or in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substances Act (21 U.S.C. 822) shall, except as provided in subsection (c), be fined under this title or imprisoned not more than twenty years, or both, if (1) the replacement cost of the material or compound to the registrant was not less than $500, (2) the person who engaged in such taking or attempted such taking traveled in interstate or foreign commerce or used any facility in interstate or foreign commerce to facilitate such taking or attempt, or (3) another person was killed or suffered significant bodily injury as a result of such taking or attempt.

3

18 U.S.C. §2118(a). The Defendant argues that the limitations on Congress's ability to criminalize non-economic activities, which are recognized in recent Supreme Court case law, prevent the application of sections 1951 and 2118 to his alleged robbery of a local pharmacy to obtain drugs for private consumption. See generally Morrison, 529 U.S. at 617-18 (invalidating the civil remedy provided in the Violence Against Women Act because it did not regulate activity that substantially affected interstate commerce); United States v. Lopez, 514 U.S. 549, 567 (1995) (invalidating the Gun-Free School Zones Act of 1990 and holding that "possession of a gun in a local school is in no sense an economic activity that might, through repetition elsewhere, substantially affect any sort of interstate commerce"); see also Jones v. U.S., 529 U.S. 848, 850-51 (2000) (determining that the arson of an owner-occupied residence that was not used for a commercial purpose was not a "commerce-affecting activity" reachable under the federal arson statute).

### A.  18 U.S.C. 1951

The Defendant summarily contends that application of the Hobbs Act to his alleged conduct of robbing a local pharmacy to obtain drugs for private use is unconstitutional under the Commerce Clause. He notes that the Court of Appeals for the Sixth Circuit has rejected a similar contention in United States v. Baylor, 517 F.3d 899 (6th Cir. 2008). In Baylor, the defendant was convicted of a Hobbs Act violation for the armed robbery of $538 from a Little Caesar's restaurant in Cleveland, Ohio. Id. at 900. The defendant argued that the requirement that a robbery have only a *di minimis* effect on interstate commerce under the Hobbs Act was unconstitutional under the Supreme Court's decision in Morrison. Id. The Sixth Circuit embraced its prior holding that "the government must prove only that a robbery had a *de minimus* effect on interstate commerce in order

4

to satisfy the jurisdictional requirement of the Hobbs Act." Id. at 901. The court held that this standard had survived the requirement imposed in recent Supreme Court case law that a federally regulated activity must have a substantial effect on interstate commerce, because the Hobbs Act regulates actions which in the aggregate and through repetition substantially affect interstate commerce. Id. Thus, the court affirmed its reasoning that "'the *de minimus* character of individual instances arising under the statute is of no consequence[.]'" Id. (quoting United States v. Smith, 182 F.3d 452, 456 (6th Cir. 1999) (in turn, quoting United States v. Bolton, 68 F.3d 396, 399 (10th 1995))). The appellate court expressly found that this aggregate-effect rational survived both Lopez and Morrison. Id. at 901-2. Accordingly, the Defendant's argument that the Hobbs Act is unconstitutional as applied to his charged conduct because of its negligible impact on interstate commerce lacks merit.[2]

### B. 18 U.S.C. 2118

The Defendant makes a similar argument with regard to section 2118. He argues that although the plain language of section 2118 does not require an effect on interstate commerce, it does contain three alternative jurisdictional elements in requiring that

> (1) the replacement cost of the material or compound to the registrant was not less than $500, (2) the person who engaged in such taking or attempted such taking traveled in interstate or foreign commerce or used any facility in interstate or foreign commerce to facilitate such

---

[2]Indeed, the Court questions the viability of "as applied" constitutional challenges to the Hobbs Act. "'Where the class of activities is regulated and that class is within the reach of federal power, the courts have no power "to excise, as trivial, individual instances" of the class.'" Gonzales v. Raich, 545 U.S. 1, 23 (2005) (quoting Perez v. U.S., 402 U.S. 146, 154 (1971)) (citation to internal quoted language omitted).

5

> taking or attempt, or (3) another person was killed or suffered significant bodily injury as a result of such taking or attempt.

18 U.S.C. §2118(a); see United States v. Cook, 809 F. Supp. 66, 68 (D. Hawaii 1993) (citing legislative history to hold that these three subsections are "jurisdictional requirements"). He contends that the applicable subsection in his case–that the replacement cost exceed $500–cannot meet the limitation that the regulated activity must have a substantial effect on interstate commerce. Thus, he asserts that the application of section 2118 to his alleged conduct is not constitutional under the Commerce Clause.

The Government responds that the reasons for rejecting the Defendant's Hobbs Act argument apply equally with regard to section 2118. It argues that "because the conduct targeted by 18 U.S.C. §2118 affects a business (a pharmacy) and substantially affects interstate commerce in the aggregate, it is a proper application of Congress's power to legislate under the Commerce Clause." [Doc. 25, p.7-8] Both parties assert that this issue is one of first impression.

Our Supreme Court has

> "identified three general categories of regulation in which Congress is authorized to engage under its commerce power. First, Congress can regulate the channels of interstate commerce. Second, Congress has authority to regulate and protect the instrumentalities of interstate commerce, and persons or things in interstate commerce. Third, Congress has the power to regulate activities that substantially affect interstate commerce.

Gonzales v. Raich, 545 U.S. 1, 16-17 (2005). Both parties' brief analyses of this issue suggest that the third category is the applicable one in the case at hand. In Raich, the Supreme Court addressed this third category with regard to the impact of purely local activity (the manufacture, distribution, and use of marijuana for medical purposes) on a comprehensive federal statute (the Controlled

Substances Act). Id. at 17. It concluded that Congress had a rational basis for determining that purely local activity in violation of the Controlled Substances Act (CSA) would, when considered in the aggregate, have a substantial effect on interstate commerce:

> Congress had a rational basis for believing that failure to regulate the intrastate manufacture and possession of marijuana would leave a gaping hole in the CSA. Thus, as in Wickard, when it enacted comprehensive legislation to regulate the interstate market in a fungible commodity, Congress was acting well within its authority to "make all Laws which shall be necessary and proper" to "regulate Commerce . . . among the several States." U.S. Const., Art. I, § 8. That the regulation ensnares some purely intrastate activity is of no moment. As we have done many times before, we refuse to excise individual components of that larger scheme.

Id. at 22. The Raich Court distinguished the statutes held unconstitutional in Lopez and Morrison because the activities those statutes regulated were not economic in nature. Id. at 25.

In a pre-Raich decision, the District Court for the Southern District of West Virginia analyzed whether section 2118[3] exceeded Congress's power under the Commerce Clause. United States v. Workman, 990 F. Supp. 473 (S. D. W.Va. 1998). Quoting extensively from the legislative history, the court determined that "the Controlled Substances Registrant Protection Act of 1984, was seen as an important adjunct in congressional attempts to regulate controlled substances[.]" Id. at 474.

> Section 2118(b) can be said to form an essential part of a larger regulation of economic activity, namely the manufacture, distribution and possession of controlled substances, in which the overall regulatory scheme could be undercut unless the intrastate activity were regulated. One need not labor long on the congressional

---

[3]The provision at issue in Workman was section 2118(b), which prohibits the theft of controlled substances from a pharmacy. Section 2118(b) contains the same three jurisdictional elements as section 2118(a), and Defendant Workman was charged with theft of controlled substances with a replacement cost exceeding $500.

7

> findings, findings absent in Lopez, to ascertain that (1) terrorization of dispensing pharmacists; (2) the removal of certain drugs from store shelves; (3) the closing of numerous pharmacies; and (4) the overall deleterious effects on the Nation's health care delivery system, all impact seriously the orderly regulation of commerce in controlled substances.

Id. at 475. Thus, the court concluded that section 2118 was an appropriate exercise of Congress's authority under the Commerce Clause and denied the defendant's motion to dismiss the indictment. Id. at 475-76. In so holding, the court noted that the $500 limit in the statute provided "further assurance Congress carefully crafted its further presence into controlled substances regulation. The jurisdictional element reassures a reviewing court that (1) trivial prosecution; (2) unnecessary interference with state police power; and (3) Commerce Clause overreaching, will not occur." Id. at 475 n.1.

The Court finds the Workman analysis to be a prescient foreshadowing of the analysis in Raich. Like the Controlled Substances Act, section 2118(a) is economic in nature, in that it seeks to regulate the distribution of controlled substances. See Raich, 545 U.S. at 25 (defining 'ecomomics" as "'the production, distribution, and consumption of commodities'"). Violations of 2118(a) would in the aggregate compromise the effectiveness of the Controlled Substances Registrant Protection Act as well as that of the Controlled Substances Act itself. Thus, the Court finds that Congress has a rational basis for regulating the robbery of controlled substances from pharmacies even when the perpetrators of those robberies did not travel in interstate commerce and that such regulation is within the scope of Congress's authority under the Commerce Clause. The instant Defendant's contention that his alleged conduct was purely local "is of no moment." Raich, 545 U.S. at 22.

## III. CONCLUSION

After carefully considering the parties' arguments and the relevant legal authorities, the Court finds no basis to dismiss Counts 1, 3, 5, and 7 of the Indictment. For the reasons set forth herein, the Court **RECOMMENDS** that Defendant's Motion to Dismiss [**Doc. 18**] be **DENIED**.[4]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).