UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CR-138 |
| | ) | (VARLAN/GUYTON) |
| DAVID R. POTTER, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation (the "R&R") [Doc. 37], issued by United States Magistrate Judge H. Bruce Guyton on May 18, 2010. Defendant David R. Potter is charged in the indictment in this case [Doc. 1] with two counts of robbery of controlled substances valued over $500 from a pharmacy, in violation of 18 U.S.C. § 2118(a) and (c) (Counts 1 and 5); two counts of obstructing commerce by the robbery of controlled substances, in violation of 18 U.S.C. § 1951 (Counts 3 and 7); and four counts of using, carrying, and brandishing a firearm in relation to four crimes of violence, those being the crimes alleged in Counts 1, 3, 5, and 7, in violation of 18 U.S.C. § 924(c) (Counts 2, 4, 6, and 8).

On January 7, 2010, defendant filed a Motion to Dismiss [Doc. 18] the indictment because he contends that the statutes underlying his charges, 18 U.S.C. § 1951(a), (the Hobbes Act) and 18 U.S.C. § 2118(a), exceed Congress's authority under the Commerce Clause and it would be unconstitutional to apply these statutes to his case. The United States

filed a response in opposition on February 12, 2010 [Doc. 25], arguing that the application of § 1951(a) and § 2118(a) to the instant case survives constitutional scrutiny.  Magistrate Judge Guyton held a motion and evidentiary hearing on the motion, among others, on March 8, 2010 [*see* Doc. 29].[1] On May 18, 2010, Judge Guyton issued the R&R rejecting defendant's argument that the statutes are unconstitutional as applied and finding that defendant had stated no basis to dismiss Counts 1, 3, 5, and 7 of the indictment. Accordingly, Judge Guyton recommended that defendant's motion to dismiss the indictment be denied.

Defendant filed objections to the R&R on May 26, 2010 [Doc. 41].  The government filed a response to the objections on June 10, 2010 [Doc. 44].  This matter is before the Court on defendant's objections.

**I.     Standard of Review**

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which defendant has objected.  In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 37], the underlying and supporting briefs, the hearing transcript [Docs. 18, 19, 25, 29], and the parties' briefs on the pending objections [Docs. 41, 44], all in light of the relevant law.  For the reasons set forth

---

[1] Also at the March 8, 2010 hearing, Magistrate Judge Guyton heard evidence relating to defendant's motion to suppress identification [Doc. 12], and various other pretrial motions. The magistrate judge issued a separate report and recommendation [Doc. 34] on the motion to suppress identification and a memorandum and order [Doc. 35] on the other pretrial motions. The report and recommendation regarding the motion to suppress identification is the subject of a separate memorandum opinion and order.

herein, the Court will overrule defendant's objections, accept in whole the R&R, and deny the motion to suppress.

## II. Analysis

In the R&R, Magistrate Judge Guyton summarized the respective positions of the parties and analyzed 18 U.S.C. § 1951 and 18 U.S.C. § 2118 in light of the Commerce Clause, U.S. Const., art. I, § 8, and recent U.S. Supreme Court case law regarding Congress's ability to criminalize non-economic activities. In doing so, Judge Guyton found that defendant's argument regarding the constitutionality of § 1951as it applies to his charged conduct lacked merit in light of *United States v. Baylor*, 517 F.3d 899 (6th Cir. 2008), a recent decision in which the U.S. Court of Appeals for the Sixth Circuit rejected a similar contention. In regard to § 2118, Judge Guyton considered *Gonzales v. Raich*, 545 U.S. 1 (2005), in which the Supreme Court concluded that Congress had a rational basis for determining that purely local activity in violation of the Controlled Substances Act ("CSA"), 21 U.S.C. § 822, the manufacture, distribution, and use of marijuana for medical purposes, would, when considered in the aggregate, have a substantial effect on interstate commerce. Judge Guyton also considered *United States v. Workman*, 990 F. Supp. 473 (S.D. W. Va. 1998), a pre-*Raich* decision analyzing whether § 2118(b) exceeded Congress's power under the Commerce Clause. Accordingly, and in light of *Raich*, *Workman*, and prior analyses of the scope of the Commerce Clause by the Supreme Court and Sixth Circuit, Judge Guyton rejected the defendant's argument that § 2118 was unconstitutional as applied to the charged conduct in this case.

## A. Defendant's Objection Regarding 18 U.S.C. § 1951(a)

Defendant's objection regarding the constitutionality of the application of § 1951 to this case mirrors the arguments defendant raised in his memorandum in support of the motion to dismiss the indictment [*see* Doc. 19]. Upon the Court's review of the R&R and the relevant law, the Court determines that the magistrate judge has already considered these arguments fully. This Court agrees with the magistrate judge's analysis of this issue and of *United States v. Baylor*, 517 F.3d 899 (6th Cir. 2008). The Court also agrees with the magistrate judge's determination regarding the constitutionality of § 1951 as applied to the circumstances of this case. Accordingly, this objection is hereby overruled.

## B. Defendant's Objection Regarding 18 U.S.C. § 2118(a)

Defendant's objection regarding the constitutionality of the application of § 2118(a) to this case also substantially mirrors the arguments raised in his memorandum in support of the motion to dismiss the indictment [*see* Doc. 19]. Upon the Court's review of the R&R and the relevant law, the Court determines that the magistrate judge also considered these arguments fully. The only new argument defendant has raised is that the magistrate judge erred in relying on *Workman*. Defendant asserts that *Workman*'s interpretation of § 2118(b) is difficult to credit because the provision in § 2118(b) regarding the regulation of the robbery of controlled substances from pharmacies where the replacement cost of the stolen substances is $500 or more is insufficient to render the statute constitutional under the Commerce Clause [*see id.*, p. 4, n.1].

This Court disagrees. The court in *Workman* thoroughly analyzed the differences between a challenge that Congress exceeded its authority to legislate under the Commerce Clause in its enactment of the Gun-Free School Zone Act of 1990, and a challenge that Congress exceeded its authority to regulate drug activities in its enactment of the CSA. *Workman*, 990 F. Supp. at 474. The *Workman* court noted that "[i]n contrast to the firearm possession prohibited in the [Gun-Free School Zone Act of 1990] . . . the intrastate drug activities regulated in the [CSA] are clearly tied to interstate commerce." *Id*. The *Workman* court also observed that § 2118(b), "was seen as an important adjunct in congressional attempts to regulate controlled substances [,]" and it "can be said to form an essential part of a larger regulation of economic activity, namely the manufacture, distribution and possession of controlled substances, in which the overall regulatory scheme could be undercut unless the intrastate activity were regulated." *Id.* at 474-75.[2] The court also indicated that the $500 jurisdictional amount requirement was "further assurance" that Congress carefully crafted its regulation of controlled substances. *Id.* at 476 n.1.

Upon this Court's review of *Workman*, the Supreme Court and the Sixth Circuit's analysis of the scope of the commerce clause in *Raich*, the magistrate judge's consideration of the issue, and other relevant law, this Court disagrees with defendant that the *Workman*

---

[2]July 13, 2010 The provision at issue in *Workman* was § 2118(b), prohibiting the theft of controlled substances from a pharmacy. 18 U.S.C. § 2118(b). The provision at issue in this case is § 2118(a) prohibiting the robbery of controlled substances. 18 U.S.C. § 2118(a). Both provisions contain the same three jurisdictional elements and violations of both would compromise the effectiveness of statutes that regulate controlled substances. Accordingly, the Court finds that the *Workman* court's analysis of § 2118(b) applies to § 2118(a).

court misinterpreted the $500 jurisdictional amount requirement and also disagrees that Congress intended the $500 requirement, alone, to be sufficient to render the statute constitutional.  Rather, as stated in *Workman*, the purpose of § 2118 is economic in nature and seeks to regulate an intrastate activity–the distribution of controlled substances–violations of which, in the aggregate, would have a substantial effect on the effectiveness of interstate regulations pertaining to controlled substances.  As determined by the magistrate judge, such regulation falls within the scope of the Commerce Clause and is a "rational basis for regulating the robbery of controlled substances from pharmacies, even when the perpetrators of those robberies did not travel in interstate commerce . . . ." [Doc. 37, p. 8].  This Court agrees with Judge Guyton's analysis and accordingly, finds that the application of § 2118(a) to this case is within the scope of Congress's authority under the Commerce Clause.

**III. Conclusion**

For the reasons set forth above, the Court **OVERRULES** defendant's Objections [Doc. 41] to the Report and Recommendation and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 37] by Magistrate Judge Guyton.  Accordingly, and because the Court has found no basis to dismiss Counts 1, 3, 5, and 7 of the indictment, defendant's Motion to Dismiss [Doc. 18] the indictment is **DENIED.**

IT IS SO ORDERED *NUNC PRO TUNC* June 18, 2010.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE