UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CR-138 |
| | ) | (VARLAN/GUYTON) |
| DAVID R. POTTER, | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This criminal action is before the Court on the Memorandum and Order (the "M&O") [Doc. 35] issued by United States Magistrate Judge H. Bruce Guyton on May 13, 2010. Defendant David R. Potter is charged in the indictment in this case [Doc. 1] with two counts of robbery of controlled substances valued over $500 from a pharmacy, in violation of 18 U.S.C. § 2118(a) and (c) (Counts 1 and 5); two counts of obstructing commerce by the robbery of controlled substances, in violation of 18 U.S.C. § 1951 (Counts 3 and 7); and four counts of using, carrying, and brandishing a firearm in relation to four crimes of violence, those being the crimes alleged in Counts 1, 3, 5, and 7, in violation of 18 U.S.C. § 924(c) (Counts 2, 4, 6, and 8).

Defendant filed a Motion to Sever [Doc. 14] the charges in the indictment into two separate trials, a Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 16], and a Motion to Suppress Evidence as Fruit of Unlawful Stop [Doc. 22]. The United States filed responses in opposition to all the motions [Docs. 25, 27], and defendant filed a

reply to the government's response in opposition to defendant's motion to sever [Doc. 28]. Magistrate Judge Guyton held a motion and evidentiary hearing on the motions, among others, on March 8, 2010 [*see* Doc. 29].[1] On May 18, 2010, Judge Guyton issued an M&O on the three pending motions. Judge Guyton denied defendant's motion to sever, denied as moot defendant's motion for pretrial notice of the government's intent to use evidence, and denied as moot defendant's motion to suppress as fruit of unlawful stop [Doc. 35, p. 11].

On May 26, 2010, defendant filed objections to the M&O, arguing that the magistrate judge erred in denying defendant's motion to sever [Doc. 40].[2] On June 1, 2010, defendant filed a supplemental memorandum regarding his objections to the M&O [Doc. 42]. On June 10, 2010, the government filed a response in opposition to defendant's objections [Doc. 45], stating that defendant's objections to the M&O do not undermine Judge Guyton's analysis and his proper application of the law. The matter is ripe for this Court's determination.

**I.  Standard of Review**

The district court may modify or set aside a magistrate judge's order on a nondispositive matter if a party objects and the district court finds that the order is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a); *see also* 28 U.S.C. § 636(b)(1)(A). A

---

[1] Also at the March 8, 2010 hearing, the Court heard evidence relating to defendant's motion to suppress identification [Doc. 12] and defendant's motion to dismiss the indictment [Doc. 18]. Magistrate Judge Guyton issued separate reports and recommendations [Docs. 34, 37] on these motions on May 11, 2010 and May 18, 2010, respectively. Those reports and recommendations are the subjects of separate memorandum opinions and orders.

[2] Defendant has not objected to the determination of the magistrate judge that defendant's motion for pretrial notice [Doc. 16] and motion to suppress evidence as fruit of unlawful search [Doc. 22] are denied as moot. Accordingly, the Court will not address these motions.

2

motion to sever is a nondispositive motion subject to a clearly erroneous review. *See United States v. Bruck*, 152 F.3d 40, 43 (1st Cir. 1998); *see, e.g., United States v. Smith*, No. 3:08-CR-111, 2009 WL 3584944, at *1 (E.D. Tenn. 2009) (noting that a motion for severance is a nondispositive pretrial motion).

II.     Analysis

   A.     The M&O

The indictment in this case alleges that defendant robbed two Walgreens drugstores in June 2009. Counts 1 through 4 of the indictment relate to charges arising from a June 3, 2009 robbery from a Walgreens drugstore located at 8950 Kingston Pike, Knoxville, Tennessee. Counts 4 through 8 of the indictment relate to charges arising from a June 26, 2009 robbery from a Walgreens drugstore located at 4001 Chapman Highway, Knoxville, Tennessee.[3] In defendant's motion to sever, defendant moves the Court, pursuant to Rule 14 of the Federal Rules of Criminal Procedure, to sever Counts 1 through 4 relating to the June 3rd robbery and for a separate trial from that of Counts 5 through 8, which relate to the June 26th robbery. *See* Fed. R. Crim. P. 14. Defendant argues that a single trial on all counts would deny defendant the right to a fair trial on both sets of charges, that the government's stronger evidence in regard to the June 26th robbery would "spill over" and prevent the jury from separately considering the June 3rd robbery, and because the jury will use evidence

---

[3] Based on the Court's review of the M&O and the respective pleadings of the parties, at the time of the March 8th hearing, both the government and defendant acknowledge that the government's proof regarding the June 26th robbery was stronger than its proof for the June 3rd robbery [*see* Doc. 35, p. 3].

3

relating to the June 26th robbery as improper character evidence to infer defendant's guilt with regard to the June 3rd robbery. The government argues that a limiting jury instruction will be sufficient to cure any risk of prejudice stemming from a trial on all counts. At the March 8th hearing, Magistrate Judge Guyton heard arguments on the motion to sever, including the argument that evidence of one robbery may be admissible in a separate trial of the other robbery for a purpose other than propensity evidence–namely, identity evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. *See* Fed. R. Evid. 404(b).

In the M&O, Magistrate Judge Guyton found that the jury would be able to distinguish the robberies because each robbery occurred on a separate date and at separate locations. Judge Guyton also found that, at a future trial, the Court would be able to properly instruct the jury on how to separately consider the evidence relating to each count. Judge Guyton also found that defendant had failed to show that substantial or compelling prejudice would arise from a joint trial on all counts. Further, and based on the information before the magistrate judge at the time of the hearing, Judge Guyton found that the two robberies were sufficiently similar in that the stronger evidence of the June 26th robbery could be admissible at a separate trial of the June 3rd robbery to prove the "identity" of the perpetrator and that the danger of unfair prejudice to defendant did not outweigh the value of the evidence for determining the identity of the June 3rd perpetrator. Fed. R. Evid. 404(b); *see also United States v. Perry*, 438 F.3d 642, 648 (6th Cir.), *cert. denied*, 547 U.S. 1139 (2006). Finally, Judge Guyton found that a single trial on all counts would preserve judicial resources

because defendant failed to show that the prejudice from a single trial outweighs the public's interest in avoiding multiple trials.

### B. Defendant's Objections

Defendant objects to the magistrate judge's conclusion that severance of the counts into separate trials was not warranted. Defendant asserts that Judge Guyton's Rule 404(b) determination regarding the admissibility of the June 26th robbery in a trial of the June 3rd robbery "served as the basis for [Judge Guyton's] severance decision," and that such a determination was contrary to law. Defendant argued that there is not a sufficient "signature" about the June 3rd and June 26th robberies to render the evidence admissible in separate trials as to identity evidence, and, even if such evidence were relevant to identity, the danger of unfair prejudice wholly outweighs any probative value.

The Court disagrees. Defendant asserts that Magistrate Judge Guyton based his determination regarding severance on the Rule 404(b) issue. After reviewing the M&O, the Court agrees that the magistrate judge analyzed this issue at length and that this analysis was important to the magistrate judge's determination. However, the Court must also point out that the Rule 404(b) issue was not the sole basis for the magistrate judge's denial of severance. Rather, Judge Guyton also found that a jury would be able to treat the robberies as separate and distinct because each occurred on different days and in different locations and because the jury would also be instructed with appropriate limiting instructions. Judge Guyton also grounded his decision on the preference for joint trials and the conservation of

judicial resources. Finally, the magistrate judge found that defendant had not presented substantial, undue, or compelling prejudice so that a separate trial would be warranted.

In regard to Magistrate Judge Guyton's analysis of the Rule 404(b) issue, the Court does not find his analysis to be contrary to law or clearly erroneous. Judge Guyton properly laid out the three questions[4] to be answered when determining whether Rule 404(b) evidence is admissible at trial [Doc. 35, p. 6]. The magistrate judge also thoroughly considered each question with specific reference to the circumstances of this case. Defendant's objections deal with the second and third questions under a Rule 404(b) analysis.

Defendant argues that there was nothing about these robberies that was unusual or distinctive so as to be considered "signature" crimes, and the common elements in these robberies are elements common to a large number of pharmacy robberies.[5] Defendant also offers a list of characteristics that he argues distinguish the June 3rd robbery from the June

---

[4] The three step process a court must engage in consists of: (1) the factual determination that a prior act occurred; (2) whether the evidence was admissible for a legitimate purpose; and (3) whether the "other acts" evidence is more probative than prejudicial. *See United States v. Johnson*, 27 F.3d 1186, 1190 (6th Cir. 1994); Fed. R. Evid. 404(b).

[5] Defendant has submitted a supplemental memorandum in support of his objections [Doc. 42]. This memorandum refers the Court to a Knoxville newspaper article about a man who was charged with four robberies of a pharmacy [Doc. 42-1]. Defendant argues that the circumstances surrounding the crimes described in this article support his argument that there was no similarity between the two robberies in this case so as to constitute "similar" crimes [Doc. 42]. After a review of this article, the Court agrees that there are some similarities between the circumstances in this case and the crimes described in the article. However, there are also notable differences. For instance, this article does not describe what the perpetrator was wearing, the vehicle he used to get away, what kind of pain medications he requested, and the article does not indicate whether the perpetrator actually produced a weapon–circumstances that were present and similar in both the June 3rd and the June 26th robbery.

6

26th robbery so that the two could not be regarded as similar for identity purposes. Defendant also takes issue with the magistrate judge's use of the physical characteristics of the perpetrators–namely, the observation of the magistrate judge that each robber was considered a "large" man. Defendant asserts that purely physical characteristics should not be relevant to the signature inquiry and that the focus should be on whether there was something distinctive about the prior bad act itself, not the prior bad actor.

The Court does not agree that the common elements noted by the magistrate judge are elements that would necessarily be common to all robberies of pharmacies. For instance, both robberies in this case involved the prepping of a handgun, not just the robber's threatened use of a gun, both had the perpetrators leaving in light-colored sedans, and the eyewitnesses to the robberies described very similar-looking perpetrators. While the Court acknowledges that there are distinguishing characteristics about the two robberies, the Court does not agree that these differences render the conclusion of the magistrate judge contrary to law.

In addition, while the Court agrees with defendant that an important focus of the prior bad act inquiry is on the prior bad act itself, in defendant's explanation of the differences in the circumstances of the two crimes, defendant neglects to mention that the magistrate judge found that both robberies were also similar in how each was committed, not just the physical characteristics of the robbers. Both robberies were committed in the early morning hours, both involved a handgun, prepped for firing, both involved the perpetrator requesting a specific brand of Oxycontin, both involved the taking of oxycondone pills, and in both

robberies, the perpetrators left the drugstores in light color sedans. These similarities are *in addition* to the physical similarities of the perpetrators–both robbers were described by eyewitnesses as large men wearing dark clothing, dark sunglasses, and a baseball hat. After considering the circumstances of the robberies, the Court finds that Magistrate Judge Guyton appropriately considered the nature of the two robberies and the elements common to each, and his conclusion that the two were similar for purposes of identity evidence under Rule 404(b) was not contrary to law or clearly erroneous.

Defendant also argues that, given the lack of any unique "signature" connecting the two crimes, the evidence of the June 26th robbery would have almost no probative value but still pose a substantial danger for immense prejudice. To this end, defendant asserts that the jury would be likely to disregard the Court's instructions and improperly consider evidence from the June 26th robbery as improper character evidence.

Given the Court's determination that the magistrate judge's conclusion regarding the similarity of the two robberies for "identity" purposes under Rule 404(b) was not contrary to law or clearly erroneous, the Court does not agree with defendant that there would be almost no probative value in the presentation of this evidence, especially given the observations, by both the magistrate judge and defendant, that the identity of the perpetrator of the June 3rd robber would be a central issue in a trial of that crime. Moreover, the Court does not agree that a limiting instruction would be ineffective to guard against the jury's improper consideration of propensity evidence. The U. S. Court of Appeals for the Sixth Circuit has stated that "[e]ven where the risk of prejudice is high, 'less drastic measures, such

as limiting instructions, often will suffice to cure any risk of prejudice.'" *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). Besides the evidence and arguments considered by the magistrate judge, defendant has offered the Court no additional evidence of unfair prejudice or any specific indication that a limiting jury instruction would be ineffective. Accordingly, the Court does not find Magistrate Judge Guyton's conclusion that the probative value of this evidence is substantially outweighed by any unfair prejudice to be contrary to law or clearly erroneous.

**III. Conclusion**

For the reasons stated herein, defendant's objections [Doc. 40] are **OVERRULED** and the Court **AFFIRMS** Judge Guyton's Memorandum and Order [Doc. 35] in its entirety. Accordingly, the Court **AFFIRMS** the magistrate judge's findings that the motion to sever [Doc. 14] is **DENIED,** the motion for pretrial notice of the government's intent to use evidence [Doc. 16] is **DENIED as moot**, and the motion to suppress as fruit of unlawful stop [Doc. 22] is also **DENIED as moot**.

IT IS SO ORDERED.

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE