IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CR-138 |
| ) | |
| DAVID RAY POTTER, ) | (VARLAN/GUYTON) |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Defendant's Request to [Waive] or Defer Payments [Doc. 55], filed on February 21, 2012, and referred [Doc. 56] to the undersigned on March 7, 2012. See 28 U.S.C. § 636(b); 18 U.S.C. § 3664(d)(6). The Defendant asserts that his current income prevents him from making payments on his restitution and fees while incarcerated and requests that the Court order either that his payments be waived or that the payments be deferred until he is released from prison and placed on supervised release. The Government provided no response to the Defendant's request. For the reasons set forth below, the Court recommends that the Defendant's request be denied.

By way of background, on September 20, 2010, the Defendant entered a guilty plea [Doc. 51] to three counts of the eight-count Indictment [Doc. 1] against him. On February 4, 2011, District Judge Thomas A. Varlan issued a Judgment [Doc. 54], sentencing the Defendant to serve a term of imprisonment of 180 months, followed by five years' supervised release. The Defendant was also ordered to pay a $300.00 special assessment and restitution in the amount of $4,629.84. District Judge Varlan determined that the Defendant was unable to pay interest and waived the interest on

the Defendant's restitution. The schedule of payments dictates that the total balance of the restitution is "due immediately" as a "[l]ump sum payment" [Doc. 54 at 6]; see also 18 U.S.C. § 3664(f)(2), (3) (giving the district court the discretion to specify in the restitution order the schedule pursuant to which restitution shall be paid, including the option of "a single lump-sum payment"). The schedule further provides that "[u]nless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment" [Doc. 54 at 6]. The District Court did not so expressly order in the Defendant's case.

The Defendant now seeks relief from the requirement that his restitution be due during his period of imprisonment. He requests that the restitution amount and special assessment be waived or, in the alternative, that he be allowed to defer making payments until he has completed his prison sentence and been placed on supervised release, at which time he will be able "to obtain meaningful and gainful employment" [Doc. 55]. Under 18 U.S.C. § 3664(k), a part of the Mandatory Victims Restitution Act of 1996 ("MVRA"), governing restitution:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Accordingly, the district court may modify a restitution order and adjust the payment schedule after it is notified of a material change in the defendant's economic circumstances. 18 U.S.C. § 3664(k); see also United States v. McGlothin, 249 F.3d 783, 784 (8th Cir. 2001). While § 3664(k) allows a

2

court to modify a restitution order by adjusting the payment schedule, the Court finds that this section does not grant the district court the power to relieve a defendant of his restitution payments entirely. See United States v. Baird, 2009 WL 5170198, *3 (E.D. Tenn. Dec. 17, 2009).

As to modifying the payments to allow the Defendant to defer paying his restitution until his term of imprisonment has ended, the Defendant's request states that he is currently earning zero dollars per month. Although the Court recognizes that the Defendant is currently imprisoned, the Defendant has not alleged that there has been "a material change in [his] economic circumstances that might affect [his] ability to pay restitution." See 18 U.S.C. § 3664(k). Moreover, the form request indicates that the Defendant has attached a copy of his prison financial account for the past six months, but none was included. The Court also notes that the Defendant retained counsel [Doc. 2] to represent him against the charges alleged in the Indictment and that he has not previously been found indigent by this Court.

As stated above, the Court finds that it does not have the authority to waive the payment of the Defendant's restitution and fees. Additionally, under these circumstances, the Court finds that no basis exists for granting the Defendant's request to defer the payment of his restitution and fees until he is released from prison and begins his term of supervised release. The Court finds that because the Defendant has not alleged a material change in his economic circumstances and has not shown good cause for a finding that the interest of justice requires a modification of his schedule of payments under § 3664(k), his request is not well-taken at this time.

Accordingly, it is **RECOMMENDED** that the Defendant's request for waiver or deferral of restitution payments and fees [**Doc. 55**] be **DENIED**.[1]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).