UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CR-138-TAV-HBG |
| DAVID POTTER, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 61], his motion to supplement [Doc. 62], and his second supplement [Doc. 63]. The United States has filed a response in opposition [Doc. 67], and defendant has filed a reply [Doc. 70]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion to supplement will be **GRANTED** and his motion for compassionate release will be **DENIED**.

**I.     Background**

On September 20, 2010, defendant pleaded guilty to two counts of Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and one count of using, carrying, and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c) [Docs. 49, 51]. The plea agreement was made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the parties agreed (and the Court accepted the agreement)

that defendant would be sentenced to a total of 180 months' imprisonment,[1] followed by five (5) years of supervised release [Doc. 54].

Defendant is housed at FCI Ashland, which currently has one (1) active case of COVID-19 amongst the inmates, one (1) active case amongst the staff, and 133 staff and 803 inmates have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 26, 2021). Defendant is forty-seven (47) years old and alleges that his obesity places him at additional risk from COVID-19, but he offers no records in support of his contention. Defendant has been vaccinated against COVID-19 [Doc. 436]. Defendant is scheduled for release on June 27, 2023. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 26, 2021).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a

---

[1] The 180-month sentence was broken down as follows: 51 months as to Counts Three and Seven, to run concurrently, and 129 months as to Count Eight, the § 924 charge, to run consecutively [Doc. 54].

2

defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction.  At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13.  Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine

3

> whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States concedes that defendant has exhausted his administrative remedies [Doc. 67]. Thus, the Court may consider the merits of defendant's request.

4

## B. Extraordinary and Compelling Reasons

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 at 519. In this instance, the Court finds that defendant has not established extraordinary and compelling reasons for compassionate release. In reaching this decision, the Court recognizes that it has discretion to determine what constitutes extraordinary and compelling reasons. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

Defendant offers several arguments which he contends establish extraordinary and compelling reasons in this case. First, defendant points to § 924(c) stacking which he argues subjected him to a 129-month sentence. Defendant argues that if he were sentenced today, he would benefit from the First Step Act's changes to § 924(c), and thus would face a sentence of only 84 months.

Defendant's second basis for compassionate release is the ongoing risk posed by the COVID-19 pandemic. Defendant alleges that his obesity places him at additional risk from COVID-19, but offers no medical records supporting his claim that he suffers from morbid obesity.[2] The Court notes that defendant has also been fully vaccinated [Doc. 68]. Finally, defendant also points to his efforts to rehabilitate and improve himself while serving out his sentence, as well as his efforts to overcome drug addiction [Docs. 61, 62, 70].

---

[2] Defendant contends it would take him 60 to 90 days to obtain medical records which show he is obese [Doc. 70].

Starting with defendant's § 924(c) stacking argument, the Court notes initially that defendant's sentence does not actually involve § 924(c) stacking, as defendant only pleaded guilty to one violation of § 924(c). Stacking occurs when, under the old version of § 924(c), a defendant was convicted of two or more violations of § 924(c), resulting in multiple mandatory consecutive sentences. In this case, defendant's sentence derived from the Rule 11(c)(1)(C) plea agreement which established that his agreed upon sentence should be 180 months [Doc. 49 at ¶ 6]. In accepting the plea agreement, the Court was bound to impose the agreed upon 180-month sentence. Fed. R. Crim. P. 11(c)(1)(C). In doing so, the Court allocated 51 months as to the two Hobbs Act counts and the remaining 129 months to the § 924(c) count [Doc. 54]. Thus, defendant's sentence for his violation of § 924(c) was the result of the terms of the plea agreement which he voluntarily agreed to, not § 924(c) stacking.

Which is not to say that § 924(c) stacking did not likely play some role in defendant's decision to accept the plea agreement. Defendant was charged with two counts under § 924(c), one of which was dismissed pursuant to his plea agreement [Docs. 1, 49]. If defendant had proceeded to trial and been convicted on both of the § 924(c) counts, he would have faced an additional 25-year mandatory minimum consecutive sentence for the second § 924(c) violation. *See* 18 U.S.C. § 924 (pre-First Step Act). To the extent that this potential 25-year sentence played some role in defendant's decision to plead guilty, the Court will address defendant's § 924(c) argument.

Two recent Sixth Circuit opinions, *United States v. Tomes*, 990 F.3d 500 (6th Cir. Mar. 9, 2021) and *United States v. Owens*, 996 F.3d 755 (6th Cir. May 6, 2021), have addressed the issue of whether non-retroactive statutory penalty changes, either on their own or in conjunction with other factors, qualify as an extraordinary and compelling reason which justifies compassionate release. *Tomes* held that the non-retroactive nature of § 401 of the First Step Act, which reduced the penalties of certain drug crimes, could not qualify as an extraordinary and compelling reason for the purposes of compassionate release. *Tomes*, 990 F.3d at 505. In contrast, *Owens* held that a trial court may consider such non-retroactive statutory amendments in conjunction with any other applicable factors and determine whether, under the totality of the circumstances, a defendant established extraordinary and compelling reasons. *Owens*, 996 F.3d at 763.

Finally, in *United States v. Jarvis*, 999 F.3d 442 (6th Cir. June 3, 2021), the Sixth Circuit discussed the apparent split created by *Tomes* and *Owens*. The *Jarvis* court held that *Tomes*, which was decided before *Owens*, controlled. *Jarvis*, 999 F.3d at 445-46. The *Jarvis* court went on to hold that, despite the opinion of a dissenting panel member, *Tomes's* holding that a non-retroactive amendment cannot be considered extraordinary and compelling was not dicta. *Jarvis*, 999 F.3d at 446.

Thus, under the precedent established by *Tomes* and *Jarvis*, this Court cannot consider the non-retroactive amendment to penalties imposed for stacked § 924(c) convictions as extraordinary and compelling, whether standing alone or in conjunction with

7

other factors.[3]  However, whether the Court is guided by *Tomes* and *Jarvis*, and disregards defendant's § 924(c) stacking argument, or by *Owens*, and considers defendant's stacking argument in conjunction with his generalized fears regarding COVID-19 and his efforts at rehabilitation, the Court's ruling would be the same.

Rehabilitation of a defendant is not, by itself, an extraordinary and compelling reason for compassionate release.  *See* 28 U.S.C. §994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").  While the Court commends defendant's efforts at self-improvement, the Court does not find defendant's post-conviction rehabilitation so exceptional as to rise to the level of extraordinary and compelling.

Nor does the Court find defendant's generalized concerns about COVID-19 persuasive.  Defendant alleges that he is obese, which places him at additional risk from COVID-19.  However, defendant has been vaccinated.  Courts may rely on CDC guidance when considering a motion for compassionate release.  *Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions.").  Although vaccinations may not provide perfect protection from COVID-19, they are among the best known methods of preventing infection and severe complications from the disease. CDC Real-World Study Confirms Protective Benefits of mRNA COVID-19 Vaccines, Ctrs. for Disease Control & Prevention (Mar. 29, 2021),

---

[3] While *Tomes* involved § 401 of the First Step Act, which changed the penalties for certain drug crimes, *Jarvis* involved § 403 of the First Step Act, which changed the penalties at issue in § 924(c) stacking cases.  *Jarvis*, 999 F.3d at 443-44.

8

https://bit.ly/2QOfr2A ("COVID-19 vaccines are highly effective in preventing SARS-CoV-2 infections in real-world conditions among . . . groups [that] are more likely than the general population to be exposed to the virus."); Vaccine Effectiveness, Ctrs. for Disease Control & Prevention (May 10, 2021), https://bit.ly/34STqU1 (recognizing that "no vaccine is 100% effective," but observing that vaccines "are effective at preventing COVID-19" or developing severe illness in "real world conditions."). The CDC estimates that two doses of the Moderna vaccine or the Pfizer vaccine reduce the chances of infection by over 90 percent. *Id.*

In addition, as the Court noted above, 133 staff and 803 inmates in the facility where defendant is housed have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 26, 2021). The Bureau of Prison's ongoing vaccination efforts further diminish the risk defendant faces from COVID-19. With all of the above in mind, the Court finds that because defendant is vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 U.S. Dist. LEXIS 20421, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021).

Even if the Court were to consider defendant's § 924(c) stacking argument, the Court would not find that the totality of the circumstances presented the extraordinary and compelling reasons necessary to support compassionate release. Accordingly, the Court finds that defendant has not satisfied the extraordinary and compelling requirement needed for compassionate release, and his motion for compassionate release will be **DENIED**.

9

## IV. Motion to Supplement

Defendant moves the Court to allow him to supplement his pro se motion for compassionate release [Doc. 62]. For good cause shown, defendant's motion will be **GRANTED**. The Court has taken all of defendant's filings, as well as the record as a whole, into consideration in ruling on his motion for compassionate release.

## V. Conclusion

For the reasons set forth more fully above, defendant's motion to supplement [Doc. 62] is **GRANTED** and his motion for compassionate release [Doc. 61] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE